Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>TAMIKA BEEPUT LOPEZ,<br><br><br><br>Debtor. | Chapter 13<br><br>Case No. 2-22-bk-05818-DPC<br><br>**TRUSTEE'S RECOMMENDATION**<br><br>Deadline is January 3, 2023 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. The Trustee notes the following issues, which must be resolved before recommending confirmation of the Plan:

1) The Trustee notes that the Debtor filed a Chapter 7 bankruptcy on June 21, 2018, and received a discharge on October 1, 2018. Since it has been less than eight years between the filing of the Debtor's Chapter 7 bankruptcy and the filing of the Debtor's current Chapter 13, the Trustee reminds the Debtor that he is ineligible to convert his instant case to a Chapter 7 case and receive a discharge.

2) The Trustee requires the turnover of any net nonexempt tax refunds for 2021 as supplemental payments to be paid first to unsecured, priority claims, and then to unsecured, nonpriority claims. The Order confirming must include a provision regarding the turnover of the nonexempt tax refunds**.**

3) ADOR has filed an objection to the Plan. The attorney for the Debtor(s) must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. Unless the creditor withdraws the objection or the Court overrules the objection, the creditor or creditor's attorney must endorse the proposed order confirming the plan. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of a new Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

4) The proof of claim filed by ADOR differs from the creditor's treatment under the Plan or is not provided for by the Plan. The Trustee has received no notification that the issue has been resolved and the Debtor(s) must resolve the discrepancy before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee in writing that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee in writing that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claim changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

5) According to the Proof of Claim filed by ADOR, the Debtor has failed to file her 2018, 2018, 2019, 2020 and 2022 TPT state tax returns. The Trustee requires the Debtor to immediately file the unfiled returns, and provide a date stamped copy to the Trustee. If the Debtor believes that she has filed the returns or was not required to file the returns, the Debtor and her attorney must work with ADOR to resolve the Proof of Claim issue. The Trustee will not recommend confirmation of the Plan until the Proof of Claim has been amended to show that all tax returns have been filed.

6) Debtor is self employed. Pursuant to Local Rule 2083-2(b)(2), the Debtor is required to file monthly operating statements. Monthly statements are due for August 2022 through October 2022.

7) Other requirements:

(A) When a debtor is represented by counsel, all debtor documents are to be submitted to the Trustee through the bkdocs.us website after redaction of PII. Local Rule 2084-27. Such documents include tax returns, bank statements, paystubs, and so on.

(B) The attorney is to review all proofs of claim on the claims register and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(C) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(D) Before submitting a proposed order, the attorney for the Debtor(s) should verify plan funding using the funding http://www.chapter13.info/funding-calc-main.aspx.

(E) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(F) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(G) To expedite the order review process, counsel must use the recommended form for the order confirming plan. If counsel needs the Trustee's latest form, then contact the applicable case administrator..

(H) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(I) The order confirming plan is to state: Within 14 days of filing them, the Debtors shall provide a copy of their 2021-2026 federal and state income tax returns, including all attachments, forms, schedules and statements, to their attorney. After appropriate redaction of PII, Debtors' attorney is to promptly provide the returns to the Trustee through the website www.bkdocs.us.

(J) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(K) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee).

Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(L) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

PLAN PAYMENT STATUS: Debtor is currently $225.00 in default with an additional payment of $225.00 due on December 29, 2022.

SUMMARY: Pursuant to Local Rule 2084-10(b), by January 3, 2023, Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

| | |
|---|---|
| 1 | Copy mailed or emailed to: |
| 2 | TAMIKA BEEPUT LOPEZ |
| 3 | 21150 NORTH TATUM BLVD<br>APT 2103 |
| 4 | PHOENIX, AZ 85050 |
| 5 | |
| 6 | PHOENIX FRESH START<br>THOMAS ADAMS MCAVITY |
| 7 | 4131 MAIN STREET<br>SKOKIE, IL 60076-2780 |
| 8 | DOCUMENTS@PHXFRESHSTART.COM<br>TOM@NWRELIEF.COM |
| 9 | FAIZA@PHXFRESHSTART.COM |
| 10 | |
| 11 | |
| 12 | |
| 13 | _____ |
| 14 | Dawn M. Smith - Case Analyst<br>dsmith@ch13bk.com |